```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :      MEMORANDUM DECISION

        - against -                :
                                          S4 06 Cr. 457 (DC)
HUI CHEN,                          :      11 Civ. 995 (DC)

        Defendant.                 :

- - - - - - - - - - - - - - - - - -x


APPEARANCES:        PREET BHARARA, ESQ.
                    United States Attorney for the
                    Southern District of New York
                         By:  David B. Massey, Esq.
                              Assistant United States Attorney
                    One Saint Andrew's Plaza
                    New York, New York  10007

                    HUI CHEN
                    Defendant Pro Se
                    #70073-054
                    Danbury Federal Correctional Institution
                    Route 37
                    Danbury, Connecticut  06811
```

**CHIN, Circuit Judge**

On May 2, 2007, a jury convicted defendant Hui Chen of conspiracy, extortion, and obstruction of justice in violation of 18 U.S.C. §§ 1951-52, 1512(k), and 1512(b). On April 18, 2008, I sentenced Chen principally to eighty-six months' imprisonment. Chen now moves pro se pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence on the grounds that 1) there was

insufficient evidence to convict her and 2) she was denied effective assistance of counsel at trial and sentencing.  For the reasons set forth below, the motion is denied.

## BACKGROUND

**A.   The Facts**

Between 2004 and 2006, Chen and her co-conspirators implemented a scheme to extort funds from drivers of private vans who operated on a route between Chinatown in Manhattan and Eighth Avenue in Brooklyn.  The drivers were forced to pay Chen and her co-conspirators fees of some $250 to $400 per month, through physical force and threats of physical force, for the ability to pick up passengers at certain locations on public streets in Manhattan.  (Trial Tr. at 68, 78, 80-82, 176-81, 890).  After authorities arrested Chen on the extortion charges, she sent threatening messages to one of the drivers she believed filed the primary complaint against her.  (Id. at 85).  Chen wanted this particular driver "to lift or take away the charges." (Id. at 578-79).  Chen also attempted to entice another driver to falsely testify on her behalf.  (Id. at 721).

**B.   Prior Proceedings**

On March 12, 2007, Chen was indicted on six counts:

one count of conspiracy to commit extortion, in violation of 18 U.S.C. § 1951; two counts of extortion, in violation of 18 U.S.C. §§ 1951-52; one count of conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k); and two counts of obstruction of justice, in violation of 18 U.S.C. § 1512(b).  Trial commenced on April 17, 2007, and the jury convicted Chen and her co-defendants on all counts on May 2, 2007.  (Trial Tr. at 1299-1300).  On April 18, 2008, I sentenced Chen to eighty-six months' imprisonment, followed by three years of supervised release.  (4/18/08 Tr. at 23-24).  I also imposed a $600 special assessment, restitution in the amount of $119,111, and forfeiture in the amount of $272,410.  (Id. at 24).

     Chen appealed her conviction and sentence on May 15, 2008.  Chen made three arguments:  1) the evidence presented at trial was insufficient to support her conviction; 2) her sentence of eighty-six months' imprisonment was unreasonable; and 3) the forfeiture and restitution amounts were improperly calculated.  On October 27, 2009, the Second Circuit rejected Chen's arguments and affirmed.  See United States v. Hui Chen, 350 Fed. App'x 520 (2d Cir. 2009).  Chen did not file a petition for a writ of certiorari.  She is currently serving her sentence.

**DISCUSSION**

**I.   Timeliness**

Because Chen did not seek review of the Second Circuit's October 27, 2009 decision, her conviction became final for purposes of the Antiterrorism and Effective Death Penalty Act 90 days after the Second Circuit issued its opinion, i.e., January 25, 2010.  Her deadline to file a timely habeas petition, therefore, was January 25, 2011.  See 28 U.S.C. § 2244(d)(1)(A).  Chen filed this motion pursuant to 28 U.S.C. § 2255 apparently on February 3, 2011.[1]

Although the Government argued in its opposition papers that Chen's motion was untimely, Chen has made no effort to argue otherwise.  Likewise, she has not argued that "extraordinary circumstances prevented [her] from filing [her] petition on time."  Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (citation and internal quotation marks omitted).  Hence, equitable tolling does not apply.  Chen's motion is untimely, and

---

[1]     The motion was docketed on February 7, 2011, but the motion papers include a certificate of service signed on February 3, 2011, by Chen attesting that a copy of the motion had been "forwarded."  The § 2255 form itself is dated January 24, 2011, but the certificate of service makes clear that Chen was still in possession of the papers on February 3, 2011.  Hence, even under the prison mailbox rule, see Houston v. Lack, 487 U.S. 266 (1988), Chen's motion is untimely.

4

thus it is denied on that basis.

## II.  The Merits

Even though Chen's motion is untimely, I address it on the merits.

### A.  Insufficient Evidence

It is well established that a § 2255 petition may not raise questions already decided on direct appeal.  See United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009).  Chen raised the sufficiency of the evidence issue on direct appeal, and the Second Circuit affirmed.  See Hui Chen, 350 Fed. App'x at 523.  Accordingly, Chen is barred from raising this argument again.  Even assuming the Court were to reach the sufficiency question on the merits, the claim would be rejected.  In affirming, the Second Circuit reviewed the ample evidence of Chen's guilt, and in its memorandum in opposition to the motion, the Government reviews the evidence again, in detail.  The sufficiency claim fails.

### B.  Ineffective Assistance of Counsel

#### 1.  Applicable Law

To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984).  To satisfy the

first prong, a defendant must show her counsel made errors "so serious" that the attorney did not perform as one would expect a reasonable attorney to perform.  Id. at 687.  The second prong of the Strickland test requires that the deficient performance prejudiced the defendant.  Id.  A defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

The law regarding an attorney's duty to protect a defendant's right to testify is well established.  The Second Circuit has held that 1) the final decision to testify belongs to the defendant and not her attorney and 2) defense counsel has a duty to advise the defendant of her right to testify.  See Brown v. Artuz, 124 F.3d 73, 78-79 (2d Cir. 1997).  For a claim of ineffective assistance of counsel to be successful on the basis of an attorney's refusal to allow her client to testify, defense counsel's failure to advise the defendant of her right to testify must have prejudiced the outcome of the proceedings.  Id.

The Second Circuit has also addressed the issue of a conflict of interest as a basis for a claim of ineffective assistance of counsel.  The Sixth Amendment provides defendants with the right to effective assistance of counsel free from

actual conflicts of interest.  <u>United States v. Blau</u>, 159 F.3d 68, 74 (2d Cir. 1998).  An "actual conflict" with respect to ineffective assistance of counsel is one that "adversely affects counsel's performance."  <u>Mickens v. Taylor</u>, 535 U.S. 162, 172 n.5 (2002).

    **2.**    **Application**

Chen asserts in her motion that her attorneys were ineffective in three respects:  1) her trial attorney refused to allow her to testify despite her repeated requests; 2) her trial attorney gave her husband's attorney files pertaining to her case to use against her; and 3) the attorney who represented her at sentencing was ineffective because he did not review Chen's presentence investigation report ("PSR") with her before sentencing.  Even assuming Chen received ineffective assistance of counsel in all three respects, her claim ultimately fails because she does not show prejudice.  <u>See</u> <u>Strickland</u>, 466 U.S. at 694 (holding defendant must show that but for counsel's ineffective assistance, result of proceeding would have been different).  Moreover, the record plainly shows that Chen's attorney did review her PSR with her before sentencing.

    **a.**    **Failure To Testify**

Chen alleges that she repeatedly asked her trial attorney to permit her to testify in her own defense and argues that her attorney's failure to put her on the stand establishes a claim for ineffective assistance of counsel.  Chen's claim fails, even assuming her lawyer refused to permit her to testify and she expressed her desire to do so.  She does not specify to what she would have testified had she taken the stand, and thus she has not shown a reasonable probability that the outcome of her trial would have been different had she testified.  See Rega v. United States, 263 F.3d 18 (2d Cir. 2001) (holding that defendant's proposed testimony of simply denying involvement in criminal acts would have been unlikely to sway jury).  Chen neither identifies the information to which she would have testified nor explains how that testimony would have altered the outcome of her trial.  See Brown, 124 F.3d at 80-81; Mallet v. Miller, 432 F. Supp. 2d 366, 379-81 (S.D.N.Y. 2006).

### b. Sharing Files

Next, Chen alleges that her attorney at trial gave files to her husband's attorney to use against her.  Chen provides no details as to what information these files contained, nor does she allege specifically how they could have been or were used against her.  Chen and her husband, Heng De Oh-Yang, were

8

involved in a joint business venture, and Chen fails to identify any conflict of interest.  There was no hint during the trial or any of the pretrial proceedings that there was any possible conflict between Chen and her husband, and neither Chen nor her husband took the tack at trial that the other one was at fault.  Even if the allegations that her lawyer shared files with her husband's lawyer are taken as true, Chen fails to assert prejudice and therefore her argument fails.

### c. Sentencing

Chen argues her counsel at sentencing, Roy R. Kulcsar -- who was not her attorney at trial -- was ineffective.  Specifically, Chen alleges that 1) counsel had a conflict of interest because he received $6,000 from her husband in return for services provided to her husband and 2) counsel did not review Chen's PSR with her before sentencing.

Both allegations fail to meet the requirements for a claim under Strickland.  Chen fails to provide any detail as to Kulcsar's purported representation of her husband, nor does the docket show that Kulcsar filed a notice of appearance for any defendant other than Chen.  Chen's husband was represented throughout the case, including at trial, by another attorney, Todd Merer.  Nor does Chen show any conflict or any prejudice.

Hence, she cannot satisfy the first or second prong of Strickland, see 466 U.S. at 687, and her first claim fails.

Chen's claim that Kulcsar failed to review her PSR with her before sentencing also fails. The record indicates that counsel did in fact review Chen's PSR with her prior to sentencing. (4/18/08 Tr. at 2). The Court asked Chen, "Has the presentence report been translated for you?" (Id.). Chen replied, "My attorney went through it with me and translated it." (Id.). Defendant made that statement under oath and in open court, and her conclusory assertion now that the statement was incorrect is rejected. See generally United States v. Hirsch, 239 F.3d 221, 225 (2d Cir. 2001) (holding defendant's assertions on appeal, contradicting his statements during plea allocution, must be supported by evidence).

Moreover, the record shows that Kulcsar represented Chen diligently at sentencing. He submitted two sentencing letters, including one dated April 9, 2008, pointing out several errors in the PSR. The record also shows that Kulcsar obtained and reviewed the entire trial transcript and the 3500 materials, and that he spent a great deal of time reviewing the case with Chen. (8/1/08 Tr. at 11-12). He appeared in the case in June 2007, almost nine months before sentencing, and he later

endeavored to persuade the Government to file a Rule 35 motion. (Id. at 28). Finally, I was persuaded to impose a substantially below-Guidelines sentence. The term of eighty-six months' imprisonment was almost half the low end of the Guidelines range of 168 to 210 months. (4/18/08 Tr. at 22-23). Despite his later failings,[2] Kulcsar was not ineffective at sentencing, nor was Chen prejudiced by his efforts in terms of her sentence. Chen again fails to assert prejudice, and this argument also fails.

## **CONCLUSION**

For the reasons set forth above, Chen has failed to demonstrate any basis for relief under 28 U.S.C. § 2255. Her motion is therefore denied. Because Chen has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C.

---

[2] I later held that Kulcsar had failed to heed Chen's instruction to file a notice of appeal. (8/1/08 Tr. at 37-38). Moreover, Kulcsar was suspended by both the Southern District of New York and the Second Circuit for professional misconduct unrelated to Chen's case. See In re Kulcsar, 417 Fed. App'x 15 (2d Cir. 2011) (suspending Kulcsar for six months and barring him from the Criminal Justice Act Panel for an additional year for misconduct before the Court of Appeals); In re Kulcsar, M-2-238 (S.D.N.Y., order dated Sept. 24, 2010) (suspending Kulcsar for failure to cooperate in a pending investigation). These sanctions do not substantiate a claim for per se ineffective assistance of counsel. See, e.g., United States v. Rondon, 204 F.3d 376, 381 (2d Cir. 2000) (rejecting defendant's claim of per se ineffective assistance based on counsel's disbarment, relating to another matter, during defendant's trial).

Chen prejudiced by his efforts in terms of her sentence. Chen again fails to assert prejudice, and this argument also fails.

## CONCLUSION

For the reasons set forth above, Chen has failed to demonstrate any basis for relief under 28 U.S.C. § 2255. Her motion is therefore denied. Because Chen has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: New York, New York
May 4, 2012

DENNY CHIN
United States Circuit Judge
Sitting by Designation

---

sanctions do not substantiate a claim for per se ineffective assistance of counsel. See, e.g., United States v. Rondon, 204 F.3d 376, 381 (2d Cir. 2000) (rejecting defendant's claim of per se ineffective assistance based on counsel's disbarment, relating to another matter, during defendant's trial).

12